**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00656-001-TUC-JGZ (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Justin Huynh, | |
| Defendant. | |

Pending before the Court is Magistrate Judge Eric J. Markovich's Report (Doc. 80) recommending that the Court deny Defendant Huynh's Motion to Suppress Statements. (Doc. 50.) Magistrate Judge Markovich's recommendation is based on his conclusion that ATF agents' interview with Defendant Huynh was non-custodial.  Defendant has filed an objection to the Report and Recommendation (R&R), arguing: (1) the magistrate judge erred in his factual finding that the agents had not entered his enclosed yard; and (2) the magistrate judge erred in his legal conclusion that the agents' interview was non-custodial. (Doc. 84.).  The Government has filed a response to the Defendant's objection. (Doc. 87.) Upon independent consideration of the record, the Court will overrule the Objection, adopt the Report and Recommendation, and deny the Motion to Suppress.

## STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's finding and recommendations de novo *if objection is*

*made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 11121 (9ᵗʰ Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia*, 328 F.3d at 1121; *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003). Credibility findings of a magistrate judge may be adopted without conducting further evidentiary review. 28 U.S.C. § 636(b)(1). However, if a district court rejects the credibility findings of the magistrate judge, a *de novo* hearing is required. *United States v. Ridgway*, 300 F.3d 1153, 1157 (9ᵗʰ Cir. 2002).

## DISCUSSION[1]

The Fifth Amendment bars the use of statements stemming from custodial interrogation of the defendant unless the government demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). These safeguards have come to be known as *Miranda* rights, and require a suspect to be advised that (1) he has the right to remain silent; (2) anything he says can be used against him in a court of law; (3) he has the right to the presence of an attorney before he is questioned; and (4) if he cannot afford an attorney, one will be provided prior to questioning if he so desires. *Id.* at 479. A defendant is "in custody" for *Miranda* purposes if "in light of 'the objective circumstances of the interrogation,' a 'reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave.'" *Howes v. Fields*, 565 U.S. 499, 509 (2012) (citations omitted) (alteration in original). Where the suspect has not formally been taken into police custody, a suspect is nevertheless considered "in custody" for purposes of *Miranda* if the suspect has been "deprived of his freedom of action in any significant way." *United States v. Craighead*, 539 F.3d 1073, 1082 (9ᵗʰ Cir. 2008).

A court must determine whether a reasonable person under the totality of the circumstances surrounding the interrogation would have felt he or she was not at liberty to

---

[1] The Court does not restate the procedural history and factual findings as they are fully set forth in the Magistrate Judge's Report and Recommendation. (Doc. 80.)

- 2 -

terminate the interrogation and leave. *Howes*, 565 U.S. at 509. In making this determination, the court examine certain factors, including: (1) the location of the questioning; (2) its duration; (3) statements made during the interview; (4) the presence or absence of physical restraints during the questioning; and (5) the release of the interviewee at the end of the questioning. *Id.* The court must focus on the objective circumstances of the questioning rather than the subjective views of the suspect or the officers. *Stansbury v. California*, 511 U.S. 318, 323 (1994).

    1.  <u>The Magistrate Judge did not clearly err in crediting the agents' testimony</u>

Huynh objects to the Magistrate Judge's factual finding that the ATF agents were outside Huynh's enclosed yard during the questioning. He argues that evidence before the Magistrate Judge demonstrates that the agents opened the gate to his side yard, entered the yard, and began questioning him as he stood in his doorway. (Doc. 84.)

The Magistrate Judge found that the agents credibly testified that the questioning occurred while they were outside of Huynh's fence in a public area. Judge Markovich thoroughly supported his credibility determination with detailed evidentiary findings regarding the physical evidence (photographs and the recording), the substance of the participants' statements, and the motivations of the parties, including Huynh's admitted untruthful statements to the agents during the interview. (Doc. 16, pp. 15-18.) Having reviewed the record of the evidentiary hearing, the Court agrees with the Magistrate Judge's well-supported conclusion that the agents credibly testified that the questioning did not occur in Huynh's yard, and that Huynh's testimony to the contrary was not credible.

    2.  <u>The Magistrate Judge did not err in concluding the interview was not custodial</u>

Huynh argues that the interview was custodial because it occurred at Huynh's house; the agents' questioning was "fast-paced and aggressive"; and their dogged questioning demonstrated that they would not go away without him exiting the house and speaking to him. Huynh argues that he had no reasonable option but to respond to the agents' questioning and hope that they would eventually leave him alone, which he asked them to do multiple times to no avail.

This Court agrees with the Magistrate Judge that under the objective circumstances, Huynh was not subjected to custodial interrogation. As noted by the Magistrate Judge, there was no actual arrest, the defendant was never physically restrained, and was never physically prevented from entering his home and ending the interview. (Doc. 80, p. 14.) The interview occurred outside of the defendant's house and a fence separated the defendant and the agents. Moreover, the circumstances do not support a conclusion that psychological restraints were employed. The entire interview lasted a little over a minute, and the statement the defense seeks to suppress was made at the outset of the interview, before the defendant asked the agents to leave. The defendant refused to answer subsequent questions posed by the agents, and most of the "interview" consisted of the defendant asking the agents to leave his property and get a warrant. As the Magistrate Judge concluded, the interview would not have even lasted a minute if the defendant had simply entered his house after asking the agents to leave the first time, as he eventually did. Furthermore, the defendant's claim that he felt pressure not to retreat into his home sooner because the agents continued to question him is belied by his refusal to answer questions, as well as his repeated requests for agents to leave or get a warrant. The Report and Recommendation concludes:

> . . . the defendant was not in custody for purposes of Miranda during the interview at his home on January 31, 2018. Again, the defendant was not arrested; he was not physically restrained during the interview; the duration of the interview was brief; the interview occurred while the agents were in a public area; the statements made both by the agents and the defendant during the interview are not indicative of a custodial interrogation; and the defendant was not prevented from entering his residence and ending the interview.

(Doc. 80, p. 18.)

In sum, having conducted a de novo review, this Court agrees with the Magistrate Judge's analysis and conclusion.

//

//

//

For the foregoing reasons,

     IT IS ORDERED that the Objection (Doc. 84) is Overruled;

     IT IS FURTHER ORDERED the Report and Recommendation (Doc. 80) is ADOPTED.

     IT IS FURTHER ORDERED that Defendant Huynh's Motion to Suppress Statements (Doc. 50) is DENIED.

     Dated this 22nd day of April, 2019.

Honorable Jennifer G. Zipps
United States District Judge